UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM D. FERGERSON,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.
_____/

Civil No. 2:19-CV-12330
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Adam D. Fergerson, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his 1991 conviction for two counts of assault with intent to do great bodily harm less than murder, M.C.L.A. § 750.84, armed robbery, M.C.L.A. § 750.529, kidnapping, M.C.L.A. § 750.349, extortion, M.C.L.A. § 750.213, conspiracy to assault with intent to commit murder, M.C.L.A. § 705.157a, delivery of less than fifty grams of cocaine M.C.L.A., § 333.7401(2)(a)(iv), possession with intent to deliver less than fifty grams of cocaine, M.C.L.A. § 333. 7401 (2)(a)(iv), conspiracy to deliver less than fifty grams of cocaine, M.C.L.A. § 750.157a, and possession of a firearm during the commission of a felony, M.C.L.A. § 750.227b. Petitioner previously filed a habeas petition challenging these convictions, which was

1

denied on the merits. *Fergerson v. Abramajtys*, No. 97-10318 (E.D. Mich. Apr. 20, 1999)(ECF 19); *aff'd* No. 99-1553, 2000 WL 659040, 215 F.3d 1326 (6th Cir. May 11, 2000).

For the following reasons, the Court transfers this case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

## II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)). Unless the Sixth Circuit Court of Appeals gives its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 735-36; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

2

Petitioner previously filed a habeas petition with the federal courts, which was denied on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus; Petitioner is therefore required to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, this Court raises the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). The Court denies Petitioner's motion for the appointment of counsel, because this Court lacks jurisdiction over his successive petition in the absence of authorization from the Sixth Circuit pursuant to 28 U.S.C. 28 § 2244(b)(3)(A). *See e.g. U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)(district court lacked jurisdiction over petitioner's motion for the appointment of counsel to assist in his filing of a successive habeas corpus petition, and, instead, the motion for the appointment of counsel should have been brought in Court of Appeals as part of a petition for authorization to file a successive habeas petition).

### III. **Conclusion**

Petitioner did not obtain the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of

the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

                                                  **s/ Victoria A. Roberts**
                                                  **HON. VICTORIA A. ROBERTS**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated:** 8/28/19